CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
R. Shackelford and wife conveyed a lot in Hopkinsville to Jennie E., wife of R. O. Thurmond, in consideration of eight hundred dollars, to he paid in three equal installments, and for which a lien was reserved. Thurmond and *323 wife, having improved the property, afterward conveyed it to W. H. Scott for three thousand five hundred dollars paid, and executed a mortgage to Scott on a negro man as indemnity against the outstanding vendor’s lien. This negro was subsequently sold by agreement, and the proceeds, sufficient to liquidate the lien, paid over to Scott.
McCarty, having obtained a judgment and execution against Scott and others, subsequently had said lot and appurtenances levied on to satisfy his debt.
The property was duly appraised, and Campbell bid over two thirds of its appraised value, and obtained the sheriff's deed. The sheriff' sold it subject to the outstanding vendor’s lien, which Campbell subsequently paid.
Wooldridge, having paid a debt for Scott as his security, subsequently filed this bill against Campbell and Scott for the purpose of foreclosing the several liens which he claimed Campbell only held, and asking a sale of the property, and that the residue be paid over to him after paying Campbell. This was resisted by appellant, who claimed the property as his own absolutely: and this is the real question to be solved.
By section 1, article 13, chapter 36, 1 Stanton’s Revised Statutes, 482, “land to which the defendant has a legal title, or for a term, whether in possession, reversion, or remainder, may be taken and sold under execution.” By section 4, “if the land so sold does not bring two thirds of the valuation, the defendant and his representatives shall have the right to redeem the same within a year from the day of sale” by paying the original purchase-money and ten per cent, annual interest. By section 6, this right of redemption is liable to levy and sale, and the purchaser may redeem and have the land, unless it be redeemed by the execution debtor. By section 1, article 15, same chapter and book, page 488, “when the defendant *324 in an execution shall have owned the legal title in any real or personal estate, and have created a bona fide encumbrance thereon, by mortgage, deed of trust, or otherwise, before execution has created a lien on the same, the interest of the defendant in such property may be levied on and sold, subject to such encumbrance. The purchaser at the sale shall acquire a lien on such property for the purchase-money, and ten per cent, per annum interest from the day of sale, subject to such prior encumbrances.
The 1st section of the 13th article subjected to sale by execution legal titles only, and not equities; hence under it lands mortgaged could not be sold under subsequent executions against the mortgagor, because the legal title had passed to the mortgagee. Prior to the revision, however, such right of redemption was by statute subject to levy and sale, and the purchaser became invested with the right of redemption and the legal title thereon; but the revision changed this principle, and now the purchaser in such case is only entitled to a lien, with the equitable right of foreclosure by proper equitable proceeding against the interested parties. But, as decided by this court in Bonduraut v. Owens, 4 Bush, 663, this equitable right and proceeding are limited to that particular class of cases where the defendant has been invested with the legal title, and by his own subsequent act shall, by mortgage, deed of trust, or otherwise, encumber the property, and does not embrace the vendor’s lien, when the legal title is conveyed to the vendee subject to such lien. This case to that extent overruled the previous case of Hinton v. Mitchell, &c., 1 Duvall, 382, decided during the war, without mature deliberation and analysis of the statutes, and then not satisfactory to all the court, though no dissenting opinion was put in.
*325 These several provisions of the statute are not in conflict, but provide for different classes of cases; the one' being for the sale under execution of the legal estate, the other of the equitable estate. But in this case the defendant in the .execution had created no lien on his legal title or estate, the lien being created by the previous conveyance to his vendor; and Scott, so far from creating an encumbrance on his legal estate, attempted to and did secure indemnity against a prior vendor’s lien, which, had he properly used, would have removed this prior encumbrance from his legal estate.
There can be no doubt but that the lot and appurtenances were subject to sale under the 1st section of the 13th article of said chapter; and, being so, it does not fall within the class of cases not embraced therein, but is by the 15th article.
"Whatever may be the rights of Scott and Campbell as to this debt paid to Shackelford by Campbell, as a vendor’s lien attaching to his conveyance to Mrs. Thurmond, there can be no doubt but the property was subject to levy under the 13th article of chapter 36, and that Campbell having bid two thirds of the appraised value of the property, and having obtained the sheriff’s deed, thereby became invested with the legal title, and not a mere equitable lien and light of foreclosure. ,
Wherefore the judgment is reversed, with directions to dismiss appellee’s petition absolutely.